**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

HERMINDA CALDERON,
MARIA URANGA, and
SUSANA VERA,

      Plaintiffs,

v.                                                                                                  CV 2008-0772 JH/WPL

BORDER FOODS, INC.,
LORI ALVAREZ, and
VICTOR PAYAN,

      Defendants.

**ORDER GRANTING DEFENDANTS' MOTION
FOR ATTORNEY'S FEES AND FURTHER SANCTIONS**

On February 8, 2009 I ordered Plaintiffs to fully respond to Defendants' discovery requests by February 16, 2009, and awarded Defendants their attorney's fees and costs incurred in preparing their Amended Motion to Compel. (Doc. 19.) On February 12, 2009 I ordered Plaintiffs to explain why they had not complied with the Order Resetting Settlement Conference, which required Plaintiffs to prepare letters as set forth in the Order and required Plaintiffs and their counsel to attend a settlement conference in Las Cruces on February 12, 2009. (Doc. 21.)

Defendants have filed a motion for attorney's fees and costs, seeking to recover $1,461.91 in connection with filing their Amended Motion to Compel. (Doc. 22.) Defendants also seek further sanctions concerning Plaintiffs' failure to comply with the Order Granting Defendants' Amended Motion to Compel. (*Id.*) Defendants further seek to recover $2,307.83 in attorney's fees and expenses for their attorney and the Defendants to prepare for and attend the settlement conference. (Doc. 23.)

Plaintiffs admit that they have not complied with the Order Granting Defendants' Amended Motion to Compel. (Doc. 24 at ¶¶ 11-12.) They claim that the fault is not Plaintiffs' but Plaintiffs' counsel's, and request that sanctions "not be imposed directly on Plaintiffs but on Plaintiffs' counsel." (*Id.* at ¶ 13.) Plaintiffs also admit that they failed to attend the settlement conference because they were not notified about the settlement conference by counsel. (*Id.* at ¶ 5.) Plaintiffs request an enlargement of time until March 17, 2009 to provide the discovery and to allow them to substitute counsel. (*Id.* at ¶¶ 1-3.) Yet the discovery still has not been provided and no motion to substitute counsel has been filed. (Doc. 25.) Plaintiffs conclude their Response with allegations that Border Foods has engaged in "sadistic and painful punishment and torture in retaliation for Plaintiffs' lawful conduct" and that Defendants' conduct against Plaintiffs was "criminal." (Doc. 24 at ¶¶ 15-16.)

I accept the representations that the fault lies with Plaintiffs' counsel and not with Plaintiffs. Plaintiffs' counsel has failed to explain how any problems with staff quitting and a personal illness in December of 2008 have precluded him from complying with discovery since that time or from attending a settlement conference in February of 2009. The disruption to the discovery process in this case is serious, and Defendants have recently filed a motion to enlarge time within which to complete discovery because they have been frustrated in all their attempts to complete discovery. (Doc. 27.) Plaintiffs' counsel has further compounded his problems by including scandalous material in the Response.

Plaintiffs and their counsel are hereby warned that further failure to comply with the discovery process or orders of Court could lead to dismissal of this case with prejudice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).

Defendants are entitled to the following relief:

1. Plaintiffs shall fully respond to Defendants' discovery requests by April 14, 2009.

2. Defendants are awarded the sum of $1,461.91for preparing their Amended Motion to Compel.

3. Defendants are awarded the sum of $2,307.83 for Plaintiffs' failure to comply with the Order Resetting Settlement Conference and to attend the settlement conference in Las Cruces on February 12, 2009.

4. These sanctions are awarded against Plaintiffs' counsel and not directly against Plaintiffs. These sums shall be paid by Plaintiffs' counsel to Defendants by April 21, 2009.

5. Plaintiffs' motion for enlargement of time to provide discovery and to substitute counsel is denied as moot.

6. The allegations in ¶¶ 15-16 of Plaintiffs' Response are scandalous, are hereby stricken from the record, and will not be considered. *See* FED. R. CIV. P. 12(f).

IT IS SO ORDERED.

*[signature: William P. Lynch]*

WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.